**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| WENDY L. DELGADO,<br><br>Plaintiff,<br><br>vs.<br><br>LYLE J. UNRUH and TIM R. SCHWAB, INC.,<br><br>Defendants. | ) | Case No. |

**COMPLAINT**

**NOW COMES** Plaintiff Wendy L. Delgado ("Wendy") by and through her lawyers, Larry Wall and Tina Huntington of Wall Huntington Trial Law and states that her claims against Defendants Lyle J. Unruh ("Unruh") and Tim R. Schwab, Inc., ("Schwab Inc.") are as follows:

**JURISDICTION**

1. Currently and at all times relevant and material herein, Plaintiff Wendy L. Delgado's domicile is within the State of Oklahoma.

2. Currently and at all times relevant and material Wendy resides at 55 Christy Lane, Ponca City, Oklahoma 74604.

3. Currently and at all times relevant and material herein, Defendant Tim R. Schwab, Inc., was: **(a)** a for profit corporation duly organized and existing by virtue and under the laws of the State of Kansas; **(b)** doing business as Tim Schwab, Inc.; **(c)** with its principal place of business located at101East Industrial Drive

Sedgwick, Kansas 67135; and **(d)** it may be served by serving its Registered Agent, Tim R. Schwab, 15897 W. Highway 196, Whitewater, Kansas 67154.

4. Currently and at all times relevant and material herein, Defendant Lyle J. Unruh's domicile is within the State of Kansas and he is a citizen of Hillsboro, Kansas and his residential address is 1334 Indingo Street, Hillsboro, Kansas 67063.

5. This Court has original jurisdiction over the claims asserted in the Complaint pursuant to 28 U.S.C.A. Section 1332(a)(l)because: **(a)** Plaintiff is domiciled and resides in the State of Oklahoma; **(b)** Schwab Inc., is a corporation duly organized and existing by virtue of the laws of the State of Kansas; **(c)** with its principal place of business located in Sedgwick County, Kansas; **(d)** Defendant Lyle J. Unruh is a citizen of the State of Kansas; and, **(e)** the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**VENUE**

6. Venue is proper in the United States District Court for the District of Kansas sitting in Wichita) pursuant to 28 U.S.C.A.1391(b)(1)&(3)and (c)(1)&(2) because: Defendants are subject to personal jurisdiction in this District at the time this action is commenced; and Plaintiff's counsel of record is located in Wichita, Kansas.

**PLACE OF TRIAL**

7. Pursuant to Local Rule 7.2 of the United States District Court for the District of Kansas, Plaintiff requests that the trial of this matter be conducted in Wichita, Kansas.

## JURY DEMAND

8. Plaintiff demands that trial of this matter be conducted before a 12 person jury.

## GENERAL ALLEGATIONS

9. On August 20, 2012 and at all times material herein Wendy was married and her husband's name is Kenny Perry and they resided at 55 Christy Lane, Ponca City, Oklahoma 74604.

10. On August 20, 2012, Wendy was neither comparatively or contributorily negligent in the operation of the car.

11. On August 20, 2012 Wendy did not violate any laws, statutes, rules or regulations of Oklahoma as they pertain to the safe and lawful operation of cars.

12. Unruh and Schwab Inc., are jointly and severally liable for the injuries and damages suffered by Wendy on August 20, 2012 as a result of the collision of the truck with the car.

13. At all times relevant and material herein, Unruh was the driver of an 18 wheeler tractor and trailer, specifically described as a white 2007 Kenworth Tractor, Vehicle Identification Number 1XKADU9X67R186735, herein referred to as the "truck".

14. At all times relevant and material herein, the truck was owned by Schwab Inc.

15. At all times relevant and material herein, Wendy was the driver of a vehicle, specifically described as a white 2007 Lexus automobile, Vehicle

Identification Number JTHBJ46G672072108, herein referred to as the "car".

16. On August 20, 2012, and at all other times relevant and material herein Unruh was an employee of Schwab Inc.

17. On August 20, 2012, and at all other times relevant and material herein Unruh was acting within the course and scope of his employment with Schwab Inc.

18. On August 20, 2012, and at all other times relevant and material herein Unruh was acting as a commercial truck driver on behalf of Schwab Inc.

19. On Monday August 20, 2012, at approximately 9:10 a.m., Unruh was driving East on South Street when he stopped at the intersection of South Avenue and Waverly Street in Ponca City, Oklahoma.

20. On Monday August 20, 2012, at approximately 9:10 a.m., Wendy was driving East on South Street when she stopped lawfully behind Unruh.

21. After Unruh stopped the truck at the intersection of South Avenue and Waverly Street in Ponca City, Oklahoma and without *any* warning he unlawfully backed the truck at an unsafe and unreasonable speed westbound and collided with the car occupied and driven by Wendy.

22. At the moment the truck collided with the car, the car was completely stopped and was not moving and Wendy was sounding the horn to warn Unruh of her presence and the danger of the impending collision.

23. On or about Tuesday August 21, 2012 because of the injuries she received on August 20, 2012, Wendy completed a patient intake form at the Ranch Wellness Center in Ponca City, Oklahoma 74601.

24. On or about Wednesday August 22, 2012, Jerimy Cox D.O., examined and treated Wendy for the injuries she received on August 20, 2012.

25. On or about August 22, 2012 Jerimy Cox D.O., performed the following tests as part of his examination and treatment of Wendy for the injuries she received on August 20, 2012:

(A) Forraminal Compression Test;

(B) Soto-Hall Test;

(C) Patrick Fabere Test;

(D) Kemp's test;

(E) Lasegue Test;

(F) Elys's Test;

(G) Cranial Nerve Test;

(I) Romberg's Test;

(J) Babinski's Test.

26. On or about Thursday August 23, 2012, Jerimy Cox D.O., examined and treated Wendy forthe injuries she received on August 20, 2012.

27. On or about Friday August 24, 2012, Mark Eugene Gregory M.D., Sharon Stewart APRN-CNP and Amy Ross R.N. examined and treated Wendy at the Ponca City Medical Center Emergency Room for the injuries she received on August 20, 2012.

28. On or about Monday August 27, 2012, Jerimy Cox D.O., examined and treated Wendy for the injuries she received on August 20, 2012.

29. On or about Wednesday August 29, 2012, Jerimy Cox D.O., examined and treated Wendy for the injuries she received on August 20, 2012.

30. On or about Thursday September 5, 2012, Jerimy Cox D.O., examined and treated Wendy for the injuries she received on August 20, 2012.

31. On or about Thursday September 5, 2012, Jerimy Cox D.O., referred Wendy to Dr. Trung B. Nguyen of the Pain Management Center of Northwest Oklahoma for examination and treatment of the injuries she received on August 20, 2012.

32. On or about Friday September 6, 2012, Dr. Trung Nguyen, examined and treated Wendy at the Pain Management Center of Northwest Oklahoma for the injuries she received on August 20, 2012.

33. On or about Wednesday September 25, 2012, Doctor Trung Nguyen, performed a lumbar epidural steroid injection on Wendy for the injuries she received on August 20, 2012.

34. On or about Wednesday October 30, 2012, Dr. Trung Nguyen, performed a lumbar second epidural steroid injection on Wendy at the Pain Management Center of Northwest Oklahoma for the injuries she received on August 20, 2012.

35. On or about Friday December 13, 2012, Dr. Robert Remondino and P.A.C. Candice Breeden of Neuroscience Specialists, P.C., of Oklahoma City

examined and treated Wendy for the injuries she received on August 20, 2012.

36. On or about Tuesday January 7, 2013, Wendy began physical therapy at Northern Therapy and Rehabilitation, Ponca City, Oklahoma and she was discharged from physical therapy on February 7, 2013.

37. On or about Friday, February 14, 2013, Dr. Robert Remondino examined Wendy and recommended a C 5-6 anterior cervical discectomy and fusion because of the injuries she received on August 20,2012.

38. On or about Thursday September 26, 2013, Dr. Robert Remondino re-examined Wendy and decided to perform a C 5-6 anterior cervical discectomy and fusion because of the injuries she received on August 20,2012.

39. On or about Tuesday October 8, 2013, Dr. Robert Remondino admitted Wendy to the Oklahoma Spine Hospital in Oklahoma City, Oklahoma and performed a C5-6 anterior cervical discectomy and fusion because of the injuries she received on August 20,2012.

40. On or about Wednesday October 9, 2013, Dr. Robert Remondino discharged Wendy from the Oklahoma Spine Hospital in Oklahoma City, Oklahoma.

41. On or about Wednesday October 16, 2013, Dr. Stetson, of the Neuroscience Specialists, P.C., of Oklahoma City examined Wendy for a post surgery check up and because Wendy had recently been to the ER for shortness of breath and swelling of her neck.

42. On or about Monday October 21, 2013, Dr. Robert Remondino examined and treated Wendy for the injuries she received on August 20,2012.

43 On or about Monday April 3, 2014 Dr. Robert Remondino examined and treated Wendy for the injuries she received on August 20,2012.

**COUNT ONE-UNRUH**

44. Plaintiff incorporates paragraphs 1 - 43 as part of Count One

45. On or about August 20, 2012, Unruh, was negligent, reckless and wanton in his driving and operation of the truck in the following aspects:

(A) failed to get out of the truck and walk around the truck before he backed the truck into Wendy's car;

(B) violated the fundamental safety rule "GOAL" for commercial truck drivers because he did not Get Out And Look before he backed the truck into Wendy's car;

(C) failed to observe Wendy's car;

(D) failed to keep a proper lookout for Wendy's car;

(E) failed to avoid the collision with Wendy's car;

(F) failed to observe the presence and proximity of Wendy's car;

(G) failed to operate the truck in accordance with applicable Federal Motor Carrier laws, rules and regulations;

(H) failed to operate the truck in accordance with the applicable Oklahoma statutes, rules and regulations as they pertain to the safe operation of commercial motor vehicles in the state of Oklahoma;

(I) failing to listen for a warning horn and failing to drive with the windows down when backing the truck.

46. On or about August 20, 2012 the cause of the collision of the truck and the car was the negligence, recklessness and wantonness of Unruh.

47. As a result of the collision of the truck into the car and because of the individual and or combined acts of negligence, recklessness and wantonness of Unruh, Wendy suffered serious and permanent injuries, disabilities, pain and suffering, mental anguish, loss of enjoyment of life, medical expenses, and the ability to perform all the activities of daily living and she will continue to suffer said damages in the future.

48. As a further direct result of the actions of Unruh, Wendy and her husband Kenny Powell, have incurred a loss and impairment in her ability to perform services in the household and discharge her domestic duties, resulting in a loss and impairment of companionship, aid, assistance, comfort and society and they will continue to suffer said damages in the future and therefore Plaintiff brings a claim for loss of consortium pursuant to Oklahoma law.

**COUNT TWO-RESPONDEAT SUPERIOR**

49. Plaintiff incorporates paragraphs 1 - 48 as part of Count Two

50. At all times relevant Schwab Inc., was the employer of Unruh.

51. At all times relevant and material herein Unruh was acting within the course and scope of his authority and employment with Schwab Inc.

52. At all times relevant and material herein Schwab, Inc. had the duty, right, authority and responsibility to control Unruh.

53. The actions of Unruh in backing the truck into the car was incidental to and done in furtherance of the business of Schwab Inc.

54. Schwab Inc., is responsible for the actions of Unruh and vicariously liable to Wendy for her damages and injuries under and pursuant to the doctrine of *respondeat superior*.

55. On or about August 20, 2012 the cause of the collision of the truck into the car was the negligence, recklessness and wantonness of Unruh and Schwab Inc., is vicariously liable and responsible for the actions of Unruh under and pursuant to the doctrine of *respondeat superior*.

56. As a result of the collision of the truck into the car, Wendy suffered serious and permanent physical injuries, disabilities, pain and suffering, mental anguish, loss of enjoyment of life, loss of the ability to perform household services and loss of consortium and Schwab Inc., is vicariously liable to Wendy for her damages and injuries under and pursuant to the doctrine of *respondeat superior*.

57. As a further direct result of the actions of Schwab Inc.,Wendy has incurred a loss and impairment in her ability to perform services in the household and discharge her domestic duties, and a loss and impairment of her ability to provide companionship, aid, assistance, comfort and society and will continue to suffer said loss and impairment in the future and Plaintiff brings a claim for loss of consortium against Schwab Inc., pursuant to Oklahoma law.

**COUNT THREE NEGLIGENT HIRING TRAINING SUPERVISION**

58. Plaintiff incorporates paragraphs 1 - 57 as part of Count Three

59. At all times relevant and material herein, Schwab Inc., was required to exercise reasonable care in hiring, training, and supervising Unruh.

60. Schwab Inc., was negligent in its hiring, training and supervising of Unruh and failed in its duty to provide a driver who was competent and fit to perform the duties of a commercial truck driver.

61. Schwab, Inc. breached its professional duties of care owed to Plaintiff in the following respects including, but not limited to:

(A) failing to hire a properly trained and adequately skilled driver;

(B) failing to adequately supervise, train and monitor Unruh;

(C) failing to adequately train Unruh in how to safely back the truck;

(D) failing to train Unruh to get out and look before backing;

(E) failing to train Unruh to lower the windows and to listen for horns when backing.

62. Schwab, Inc.'s actions caused Wendy to suffer serious and permanent injuries, disability, pain and suffering, mental anguish, loss of enjoyment of life, medical expenses and the ability to perform activities of daily living and she will continue to suffer said damages in the future.

63. As a further direct result of the negligence, recklessness and wantonness of Schwab, Inc., Wendy has incurred a loss and impairment in her ability to perform services in the household and discharge her domestic duties, and a loss and impairment of her companionship, aid, assistance, comfort and society and will continue to suffer said damages in the future and Plaintiff brings this claim for loss of consortium against Schwab Inc., pursuant to Oklahoma law.

## COUNT FOUR NEGLIGENT ENTRUSTMENT

64. Plaintiff incorporates paragraphs 1 - 63 as part of Count Four

65. Schwab, Inc., as the employer or director of Defendant Lyle J. Unruh, had the right to permit and the power to prohibit the use of this truck by Defendant Unruh.

66. Schwab, Inc., negligently entrusted the truck to Unruh and Schwab Inc., knew or had reason to know Unruh was likely to drive his truck in a negligent and reckless manner.

67. Schwab, Inc.'s actions proximately caused Wendy to suffer serious and permanent injuries, disability, pain and suffering, mental anguish, loss of enjoyment of life, medical expenses and the ability to perform all the activities of daily living and she will continue to suffer said damages in the future.

68. As a further direct result of the negligence, recklessness and wantonness of Schwab, Inc., Wendy has incurred a loss and impairment in her ability to perform services in the household and discharge her domestic duties, and a loss and impairment of her companionship, aid, assistance, comfort and society and will continue to suffer said damages in the future and Plaintiff brings this claim for loss of consortium against Schwab Inc., pursuant to Oklahoma law.

## COUNT FIVE- DAMAGES

69. Plaintiff incorporates paragraphs 1 - 68 as part of Count Five

70. Wendy underwent the above described treatments and the operation on her spine as a result of the acts and omissions of Unruh and Schwab

Inc.

71. Wendy continues to suffer physical disabilities, physical pain and mental anguish and pain and suffering as a result of the acts and omissions of Unruh and Schwab Inc.

72. The negligence, recklessness and wantonness Unruh and Schwab Inc., individually and combined caused Wendy, to suffer serious and permanent injuries, disability, pain and suffering, mental anguish, loss of enjoyment of life, medical expenses and the ability to perform all the activities of daily living and she will continue to suffer said damages in the future.

73. The negligence, recklessness and of Unruh and Schwab Inc., individually and combined proximately caused Wendy, to incur a loss and impairment in her ability to perform services in the household and discharge her domestic duties, and a loss and impairment of her companionship, aid, assistance, comfort and society and she will continue to suffer said damages in the future and therefore Plaintiff brings claims for loss of consortium pursuant to Oklahoma law against Unruh and Schwab Inc.

74. As of August 14, 2014, because of the negligence, recklessness and wantonness of Unruh and Schwab Inc., individually and or combined, Wendy has incurred medical bills in the approximate amount of $91, 278.27 for the injuries she received on August 20, 2012.

75. As of August 14, 2014 because of the negligence, recklessness and wantonness of Unruh and Schwab Inc., individually and or combined, Wendy

has incurred the following specific medical bills:

| | | | |
|---|---|---|---|
| (A) | Oklahoma Radiology Group | $ | 65.00 |
| (B) | Allrad Pllc | $ | 723.10 |
| (C) | Toni's Westside Rx | $ | 802.85 |
| (D) | Ranch Wellness Center | $ | 912.00 |
| (E) | Ponca City EMS | $ | 1,167.00 |
| (F) | Trung Nguyen, M.D. | $ | 1,865.00 |
| (G) | Northern Therapy & Rehabilitation | $ | 2,014.00 |
| (H) | Affiliated Anesthesiologists, Inc. | $ | 2,340.00 |
| (I) | Ponca City Open MRI | $ | 4,791.00 |
| (J) | American Intraoperative Monitoring | $ | 6,479.00 |
| (K) | Ponca City Medical Center | $ | 19,633.57 |
| (L) | Neuroscience Specialists | $ | 22,963.75 |
| (M) | Oklahoma Spine Hospital | $ | 27,522.00 |

## PRAYER FOR DAMAGES

**WHEREFORE**, Plaintiff pray for judgments against Defendants Lyle J. Unruh and Tim R. Schwab, Inc. for compensatory as well as punitive damages in a sum in excess of $75,000.00, and for court fees and costs, and for such other relief the Court may find is just and proper.

Respectfully Submitted,

By: /s/ Larry Wall

Larry Wall, #07732
Tina Huntington, #21303
WALL HUNTINGTON TRIAL LAW
2024 North Woodlawn, Suite 406
Wichita, Kansas 67208
(316) 265-6000 Telephone
(316) 267-3567 Facsimile
larry@whtriallaw.com
tina@whtriallaw.com

**REQUEST FOR JURY TRIAL**

COMES NOW, the Plaintiff, by and through counsel and requests a trial by jury of not less than twelve persons on all issues.

By: /s/ Larry Wall
Larry Wall, #07732
Tina Huntington, #21303
WALL HUNTINGTON TRIAL LAW
2024 North Woodlawn, Suite 406
Wichita, Kansas 67208
(316) 265-6000 Telephone
(316) 267-3567 Facsimile
larry@whtriallaw.com
tina@whtriallaw.com

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff herein requests the trial in this matter be held in The United States District Court of the District of Kansas sitting in Wichita, Kansas.

By: /s/ Larry Wall
Larry Wall, #07732
Tina Huntington, #21303
WALL HUNTINGTON TRIAL LAW
2024 North Woodlawn, Suite 406
Wichita, Kansas 67208
(316) 265-6000 Telephone
(316) 267-3567 Facsimile
larry@whtriallaw.com
tina@whtriallaw.com